# Ortmann's Estate.

*Decedents' estates—Compensation to executor—Auditors' reports—Appeals.*

The action of an auditor, in restating an account and reducing the executor's commission and counsel fees, will not be disturbed on appeal where the auditor has submitted a careful and elaborate report, which is confirmed by the Orphans' Court, and which shows no reason for reversal.

Argued Nov. 18, 1918.   Appeal, No. 224, Oct. T., 1918, by Alphonsus L. Muhlhern, Executor, from decree of O. C. Chester Co., dismissing exceptions to auditor's report in the estate of William Ortmann, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.   Affirmed.

Exceptions to auditor's report.   Before BUTLER, P. J.

From the record it appeared that the appellant was the executor of the estate of William Ortmann, deceased. The settlement of the estate presented various difficulties owing to the nature of the assets, etc.

The executor filed his account, to which Anna W. Ortmann, widow of the deceased filed numerous exceptions and the court appointed an auditor to audit and examine his account.   The auditor sustained some of the exceptions and disallowed or reduced many of the items for which the accountant claimed credit.   He restated the account and surcharged the executor $713.50 and reduced his commission of $226.22, which was five per cent of the total value of the estate, to $155.30.

The accountant filed exceptions to the auditor's report, which the court, after argument, dismissed and confirmed the account as restated by the auditor.   The executor appealed.

*Error assigned* was decree of the court dismissing exceptions.

*Edward D. Wadsworth,* for appellant.

No appearance and no paper-book for appellee.

PER CURIAM, March 12, 1919:

The argument of the appellant presents a controversy arising in a complicated, insolvent estate, and the propriety of expenditures made by the executor in disposing of some unusual assets.   The executor knew before he ac-

cepted the duties of his trust that exceptional conditions were presented and that the discharge of them, as well as his compensation for the services he would render must be ascertained by well-established rules of law. The controversy was thoroughly presented to the auditor, who submitted a careful, elaborate and convincing report, giving due weight to all the testimony and applying to them our numerous decisions. Exceptions were filed and carefully considered by the court on review, resulting in the account as restated by the auditor being confirmed.

After an examination of the whole record, we find no error to justify a reversal. The decree of the Orphans' Court is affirmed.